as it specifies no other method of service, personal service, under all the authorities, is required. The appellee not having complied with the statute creating the lien is not entitled to one.''

This court in *Jackson v. Toledo, St. L. & W. R. Co.,* 186 Ill. App. 531, following *Haj v. American Bottle Co., supra,* held that there must be personal service of the notice of lien, and that such personal service should follow the law as to the service of process where the party to be served is a corporation, that therefore service of the notice. of lien upon the attorney for the party against whom the lien is sought to be enforced is not a compliance with the statute. It follows from these decisions that the notice in this case was not in compliance with the requirements of the statute and therefore the lien cannot be maintained. The judgment will be affirmed.

*Affirmed.*

---

**John Campbell, Defendant in Error, v. T. J. O'Gara et al., Trustees, Plaintiffs in Error.**

**(Not to be reported in full.)**

Error to the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 16, 1918.

### Statement of the Case.

Action by John Campbell, plaintiff, against T. J. O'Gara, William Niblack and E. Weltman, as trustees in bankruptcy for the O'Gara Coal Company, a corporation, defendants, to recover damages for personal injuries sustained by him while working in the com-

pany's mine.   From a judgment for plaintiff for $9,000, defendants bring error.

MILEY & COMBE, for plaintiffs in error; A. E. SOMERS, of counsel.

LEWIS, RONALDS & LEWIS and CLARK & HUTTON, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1165*—*when only question for review is whether facts proved constitute cause of action.*  Where no complaint is made in a negligence case that the trial court committed any error in its rulings on the evidence or in the giving or refusing of instructions, or that the verdict is excessive, the only question for review is whether the facts in proof constitute a cause of action.

2. MINES AND MINERALS, § 108*—*what constitutes dangerous condition in mine.*  The existence of a hole extending the full length of a curtain placed over the second crosscut from the face of coal in a mine where a miner is working so as to permit the proper circulation of air is a dangerous condition in the mine which should have been marked by the mine examiner, where the tendency of such a hole is to short-circuit the air and prevent the proper amount from circulating at the face of the coal and the removal of explosive gases released by undercutting coal and boring holes.

3. WITNESSES, § 253*—*province of jury as to credibility.*  It is the province of the jury to determine the credibility of witnesses.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.